UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | : | CIVIL ACTION NO. 06-5730 (MLC) |
|  | : | **MEMORANDUM OPINION** |
| Plaintiff, | : |  |
| v. | : |  |
| IMTIAZ AHMAD, et al., | : |  |
| Defendants. | : |  |

**THE PLAINTIFF**, Horizon Blue Cross Blue Shield of New Jersey ("BCBS"), which provides health insurance to subscribers through employee benefit plans, bringing this action in state court against the defendants — (1) Imtiaz Ahmad, M.D., (2) Cardiothoracic & Vascular Associates, P.A. ("CVA"), and (3) Comprehensive Vein Treatment Center, Inc. ("CVTC") — to recover damages for a violation of the New Jersey Insurance Fraud Prevention Act, common law fraud, negligent misrepresentation, and breach of contract, and thus under state law only (dkt. entry no. 1, Compl.); and BCBS alleging that (1) Ahmad, as a participating provider, contracted with it to provide medical services to its subscribers in return for a set fee, (2) CVA, which is controlled by Ahmad, also is a participating provider, and (3) Ahmad and CVA conspired with CVTC — also controlled by Ahmad — to submit claims to BCBS for services that were (a) ineligible for coverage, e.g., cosmetic photoderm therapy, (b) performed by unlicensed practitioners, and (c) not actually performed (id.; dkt. entry no. 16, Ahmad Aff., Ex. 3, 3-

8-01 Agmt.); and the defendants removing the action, and alleging the Court has jurisdiction because the claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"), as BCBS seeks reimbursement of funds paid to the defendants for services provided to BCBS's subscribers (dkt. entry no. 1. Rmv. Not.);[1] and BCBS moving to (1) remand, and (2) be awarded costs (dkt. entry no. 5); and the Court deciding the motion without oral hearing and on the papers, <u>see</u> Fed.R.Civ.P. 78;[2] and

**THE PARTIES** disputing whether BCBS is a fiduciary as defined by ERISA, and thus whether the action is removable on that ground (dkt. entry no. 5, BCBS Br., at 17-18; dkt. entry no. 8, Defs. Br., at 10-15; dkt. entry no. 13, BCBS Reply, at 4-5), <u>see</u> 29 U.S.C. § 1002(21)(A) (defining fiduciary), 29 U.S.C. § 1132 (a)(3) (stating ERISA action can be brought by fiduciary); and it

---

[1]   The parties do not appear to dispute that (1) many of the benefit plans offering BCBS as an option are covered by ERISA, and (2) those receiving medical benefits under those plans are beneficiaries.  <u>See</u> 29 U.S.C. §§ 1002, 1132.  (Dkt. entry no. 5, BCBS Br., at 18-20; dkt. entry no. 8, Defs. Br., at 2.)

[2]   The parties do not dispute that (1) the defendants bear the burden of demonstrating jurisdiction, <u>see</u> 28 U.S.C. § 1446(a), (2) "the plaintiff [is] the master of the claim" under the "well-pleaded complaint rule", <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987), and (3) nevertheless, there are certain state law claims that "are completely pre-empted and therefore removable to federal court" under ERISA.  <u>Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan</u>, 388 F.3d 393, 400 (3d Cir. 2004).  (BCBS Br., at 13-14; Defs. Br., at 5-7.)

appearing that BCBS may not be a fiduciary, <u>see</u> <u>Briglia v.</u>
<u>Horizon Healthcare Servs.</u>, No. 03-6033, 2005 WL 1140687, at *6-
*10 (D.N.J. May 13, 2005) (stating, as to plans at issue therein,
BCBS was not fiduciary); but

     **IT APPEARING** that the Court need not address this issue, as
"the bare fact that [a plan's terms] may be consulted in the
course of litigating a state-law claim does not require that the
claim be extinguished by ERISA's enforcement provision", <u>Blue</u>
<u>Cross of Cal. v. Anesthesia Care Assocs. Med. Group</u>, 187 F.3d
1045, 1051 (9th Cir. 1999) (determining district court lacked
jurisdiction under ERISA), <u>see</u> <u>Aetna Health v. Kirshner</u>, 415
F.Supp.2d 109, 111, 114 (D. Conn. 2006) (granting motion to
remand where plan asserted fraud claims against health-care
provider); and it appearing further that BCBS's claims "do not
encroach on the relationship between beneficiary and plan" — as
the allegations are directed at the defendant providers, not the
beneficiaries — and thus "there is no claim that beneficiaries
have not received their full benefits under the plans, or any
argument that interpretation of the provider agreements will
somehow work a change in the benefits to which beneficiaries will
be entitled under ERISA-covered plans", <u>Anesthesia Care</u>, 187 F.3d
at 1053-54; and

     **IT APPEARING FURTHER** that BCBS's claims do not "implicate
ERISA-governed relationships", as they concern the terms of the

participation agreement between itself and the health-care-provider defendants, and thus "[t]hey do not touch on [BCBS's alleged] fiduciary status, or any claims that a beneficiary may make against [BCBS] in that capacity", id. at 1054, see UPMC Presby Shadyside v. Whirley Indus., No. 05-68, 2005 WL 2335337, at *6 (E.D. Pa. Sept. 23, 2005) (granting motion to remand action between hospital and provider of self-insured health coverage, even though claims "exist only because of the fact that the Hospital rendered treatment to a patient covered by an ERISA plan", as crux of dispute was whether there was breach of agreement between non-beneficiary parties), Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400, 403 (3d Cir. 2004) (stating action removable only if no legal duty other than one existing under ERISA supports claim, and action therein not removable as, inter alia, claim arose from terms of agreement that was independent of plan); and it appearing that this dispute "arise[s] from [a] contract[] that a health care provider makes with its medical providers, [and thus] the difficulties that Congress sought to avoid with ERISA's preemption clause are not implicated here", Anesthesia Care, 187 F.3d at 1054; and thus it appearing that BCBS's claims are not completely preempted by ERISA; and the Court intending to grant the part of the motion seeking remand; and

4

**THE COURT** having broad discretion, when remanding an action, to require payment of costs and expenses incurred due to the removal, see 28 U.S.C. § 1447(c), Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996); and it appearing that "ERISA . . . has, in the relatively brief period of its existence, come to earn the distinction as our modern contender for high rank in the law's order of obscurity", Atlantis Health Plan v. Local 713, 258 F.Supp.2d 284, 288 (S.D.N.Y. 2003); and it appearing that the defendants provided a good-faith argument for removal on issues that are uncertain and complex; and the Court thus intending to deny the part of the motion seeking an award of costs, see Gul v. Pamrapo Sav. Bank, 64 F.Supp.2d 370, 373 (D.N.J. 1999) (granting part of motion seeking remand, but denying part seeking costs, in action removed under National Labor Relations Act); and for good cause appearing, the Court will issue an appropriate order and judgment.


      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

5